UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRETT MICHAEL McCOY,<br><br>Petitioner,<br><br>vs.<br><br>IDAHO COMMISSION OF PARDONS AND PAROLE, et. al.,<br><br>Respondents. | Case No. 1:25-cv-00255-REP<br><br>**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER** |

Idaho state prisoner Garrett Michael McCoy (Petitioner) filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1.) The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

Because it appears that Petitioner's case is premature, and not all named parties have consented to a United States Magistrate Judge conducting all proceedings under 28 U.S.C. § 636(c), this case will be reassigned to a United States District Court Judge to

consider dismissal. Petitioner may respond to this Order for the purpose of showing why his case should not be dismissed for the reasons set forth below.

## BACKGROUND

While on parole for an Idaho state conviction, Petitioner was arrested and charged with new crimes. He was also charged with and convicted of a parole revocation based on the new criminal charges. He asserts that the new criminal charges were dismissed, but that his parole remains revoked. He asserts that his continuing detention violates the United States Constitution, and that his parole should be reinstated.

## REVIEW OF THE PETITION

Petitioner is not challenging the grounds for his underlying criminal conviction for which he is serving time, but he is challenging the fact that his parole remains revoked even though the charges that led to the parole revocation were dismissed.[1] He brings his claims under 28 U.S.C. § 2241, which is a "general grant of habeas relief" that applies to persons held in state custody for reasons other than a state court criminal judgment. *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018).

In its discretion, the Court may apply the Rules Governing Section 2254 Cases ("Habeas Rules") to habeas petitions filed pursuant to § 2241. *See* Habeas Rule 1(b). Therefore, the Court will review the Petition to determine whether it is subject to

---

[1] Petitioner also has pending § 2241 petition challenging the pendency of the revocation proceedings in Case No. 1:25-cv-00158-REP, *McCoy v. Tewalt*. He has not filed an amended petition within the deadline provided in that case. The Court construes this Petition in this case under a different procedural posture, because it now appears that the parole revocation has been completed.

INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2

summary dismissal under Habeas Rule 4. That rule permits dismissal of a habeas petition if "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A prerequisite to bringing a federal habeas corpus petition under 28 U.S.C. § 2241 is exhausting one's federal claims in state court. *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980). The exhaustion requirement "serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Id*.

The exhaustion doctrine requires that a habeas petitioner give the state courts, through the designated appellate process, "a full and fair opportunity to resolve federal constitutional claims" before bringing those claims to federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion in the context of habeas petitions brought pursuant to 28 U.S.C. § 2254). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id*. If the petitioner is not granted relief after exhausting all state court remedies through the highest state court, he may then file a petition for a writ of habeas corpus in federal court.

The federal courts are not permitted to "supervise the administration of state criminal proceedings at every interlocutory stage." *New York ex rel. Epps v. Nenna*, 214 F. Supp. 102, 105 (S.D.N.Y. 1963). If they were, such supervision "would erase the

INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3

exhaustion principle from among the canons of habeas corpus adjudication." *Id*. Though alleged constitutional violations are of utmost concern to the federal district courts, the state courts must be given the first opportunity to correct constitutional violations, to preserve the principles of comity and federalism. If a defendant is seeking to "derail a pending state criminal proceeding," it is appropriate for a federal district court to postpone adjudication of the petitioner's constitutional claims "until a time when federal jurisdiction will not seriously disrupt state judicial processes." *Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979) (internal quotation marks omitted).

The exhaustion requirement has a very limited exception with respect to § 2241 petitions. A federal district court may issue a writ under § 2241 without a showing of exhaustion of state remedies "only in the most unusual circumstances"—that is, if a petitioner can show "special circumstances" that particularly warrant federal intervention. *Carden*, 626 F.2d. at 83–84 (internal quotation marks omitted). For example, special circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or cases "where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Without such circumstances, a petitioner must first pursue his habeas claims in the state courts before bringing them in a federal petition.

The instant Petition does not appear to establish the type of special circumstances that would warrant application of an exception to the exhaustion requirement. If Petitioner believes that special circumstances exist, he may file a response to this Order for the federal district judge's consideration.

INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4

**ORDER**

**IT IS ORDERED:**

1. This case is REASSIGNED to a United States District Judge for de novo review of whether the Petition should be dismissed.

2. Petitioner may file a response to this Order within **21 days**.

3. Thereafter, Petitioner must not file anything further until the district judge enters an Order permitting or dismissing the § 2241 Petition.

DATED: August 29, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge